The appellant pled guilty to the offense of burglary in the second degree. The court accepted his plea and sentenced him to three years' imprisonment on February 15, 1978. On that same date a probation hearing was scheduled and eventually held on May 5, 1978. Probation was denied and on May 11, 1978, the appellant gave written notice of appeal "from his conviction and notice of appeal from his denial of probation".
Notice of appeal must be filed in the trial court within forty-two days after the entry of the sentence appealed from. Rule 4 (b), Alabama Rules of Appellate Procedure. This is a jurisdictional requirement.
A request for probation following sentencing does not extend the time for appeal from a judgment of conviction.
A ruling on a motion to permit a defendant to withdraw his plea of guilty is not an appealable order. Dawson v. State,37 Ala. App. 16, 66 So.2d 567, cert. denied, 259 Ala. 205,66 So.2d 568 (1951). *Page 336 
The original granting or denial of probation is entirely within the discretion of the trial judge and is not reviewable on appeal from a judgment of conviction. Driggers v. State,344 So.2d 226 (Ala.Cr.App. 1977); Hughes v. State, 45 Ala. App. 250, 228 So.2d 862 (1969).
For the reasons expressed above this appeal is dismissed.
DISMISSED.
All Judges concur.