Petitioner, John Woods, was convicted in the Dallas County Circuit Court of possession of marijuana and was sentenced to eight years in the penitentiary. The Court of Criminal Appeals affirmed the conviction without opinion. We granted certiorari to review whether the trial court erred in failing to make the record affirmatively show that petitioner had understandingly and voluntarily entered his guilty plea in compliance withBoykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274
(1969).
However, there is a jurisdictional defect in this case which precludes us from examining this question. On December 9, 1977, petitioner signed an Ireland form and entered a plea of guilty; he was sentenced to eight years in the penitentiary. At this time, he applied for probation, and his sentence was suspended "pending receipt of post-sentence investigation report." The trial court held a hearing on the application on March 3, 1978, at which time it denied probation. Petitioner gave notice of appeal the same day.
Rule 4 (b) of the ARAP provides that an appeal must be filed "within 42 days (six weeks) after the entry of the sentence appealed from." Although Rule 4 (b) provides that a "timely motion in arrest of judgment or for a new trial" will toll the running of the appeal period, no such motion was made in this case. A request for probation following sentencing does not extend the time for appeal from a judgment of conviction.Turner v. State, 365 So.2d 335 (Ala.Cr.App. 1978).
Timely filing of notice of appeal is a jurisdictional requisite, and the appeal must be dismissed for lack of jurisdiction if notice of appeal was not timely filed. ARAP 2 (a). In this case, notice of appeal was filed eighty-four days after the "entry of the sentence appealed from"; therefore, the Court of Criminal Appeals did not have jurisdiction of the case. Accordingly, this court has no jurisdiction to consider the case on writ of certiorari.
Petitioner contends that this case is distinguishable fromTurner v. State, supra, since here the trial court suspended the sentence until receipt of the post-sentence investigation report from the probation officer. Petitioner argues that since the sentence was temporarily suspended, it was temporarily inoperative and was not sufficient to support an appeal until the trial court allowed execution of the sentence. We disagree.
Rule 4 (b) expressly provides that entry of sentence is the event which triggers the running of the time in which to take an appeal. No provision is made for tolling of the period when execution of the sentence is suspended. Although a sentence may ultimately be suspended due to the granting of probation, the entry of sentence marks the termination of the legal proceedings against the defendant so that errors allegedly committed during the course of *Page 946 
the proceedings may be presented for appellate review. The mere fact of temporary suspension of the sentence pending receipt of a probation report does not alter the appealable posture of the case.
Accordingly, the writ must be quashed.
WRIT QUASHED.
All the Justices concur.