TAYLOR, Presiding Judge.
This case is before this court on motion by the appellant, David Byron Womack, to reinstate his appeal after this court dismissed the appeal as untimely. Because the problem presented by this case may recur, we have chosen to write an opinion.
The appellant pleaded guilty to three counts of burglary in the third degree, violations of § 13A-7-7, Code of Alabama 1975. He was sentenced to four years in prison on each count, those sentences to run concurrently.
The notice of appeal filed with this court by the circuit clerk for DeKalb County reflects that the appellant was sentenced on April 5, 1995. The appellant then filed an application for probation, which was denied, and he then filed notice of appeal on August 17, 1995. We dismissed the appeal as untimely based on Rule 4(b)(1), Ala.RApp.P., which requires a notice of appeal be filed within 42 days of sentencing. The appellant then filed the motion to reinstate his appeal, arguing that his filing of an application for probation tolled the time in which to file a notice of appeal.
We deny the appellant’s motion to reinstate based on our holdings in Martinez v. State, 602 So.2d 504 (Ala.Cr.App.1992), and *168 Turner v. State, 365 So.2d 335 (Ala.Cr.App.), writ denied, 365 So.2d 336 (Ala.1978). “ ‘[A] request for probation following sentencing does not extend the time for appeal from a judgment of conviction.’ ” Martinez, 602 So.2d at 505, quoting Turner, 365 So.2d at 335. Furthermore, “The original granting or denial of probation is entirely within the discretion of the trial judge and is not reviewable on appeal from a judgment of conviction.” Turner, 365 So.2d at 336.
.MOTION TO REINSTATE APPEAL DENIED.
All the Judges concur.