On September 13, 1995, the appellant, James Lee Wright, was convicted of burglary in the third degree a violation of §13A-7-7, Ala. Code 1975. He was subsequently sentenced, upon application of the Habitual Felony Offender Act, to 99 years in the penitentiary. Wright raises three issues.
 I.
The appellant argues that he was denied due process of law when the trial court refused to compel the attendance of certain black veniremembers who, having been summoned for jury duty, failed to appear. Wright argues that because there were no black veniremembers present in the venire from which the jury was selected, he was denied due process of law. We find the appellant's argument to be without merit.
Our review of the record shows that 50 of the 530 summonses for jury duty issued for the court term during which appellant went to trial were issued to black citizens. Of those 50 blacks summonsed, 39 failed to appear the first day. The judge excused 3 of the remaining 11 blacks. (R. 46.) None of the eight remaining blacks were on the panels that made up the venire for the appellant's trial. Based upon these figures, Wright moved to quash the jury venire.
Jackie Calhoun, the Circuit Clerk for Baldwin County, was called by the State to testify regarding the process by which jurors are summonsed in Baldwin County. Ms. Calhoun testified that the list of potential jurors was selected by asking the Administrative Office of Courts for a summons of people in the county, selected randomly by driver's license number. (R. 42.) Ms. Calhoun explained that once they received the list from the Administrative Office of Courts, the clerks put the names in alphabetical order and divide the list into panels of 15 people. (R. 42.) Ms. Calhoun also testified that the circuit court consistently does not take action to compel the attendance of any summonsed juror who fails to appear for jury duty. (R. 47.)
The appellant concedes that there was no discrimination with regard to the process by which the veniremembers were selected. Wright argues, however, that he was entitled to a fair cross-section of the community from which to select his jury. He further argues that the court's failure to take steps to compel the attendance of the 39 black veniremembers who failed to comply with their summonses somehow amounted to discriminatory state action.
In arguing that the failure to compel the attendance of those black veniremembers was a discriminatory action by the state, the appellant bears the initial burden of showing a purposeful, deliberate, or systematic scheme of exclusion. Windsor v.State, 683 So.2d 1021 (Ala. 1994); Williams v. State,375 So.2d 1257, 1266 (Ala.Cr.App.), cert. denied, 375 So.2d 1271 (Ala. 1979). The appellant has failed to prove that any action or inaction on the part of the State in summonsing potential jury members was part of a scheme designed to exclude blacks from jury service. The Baldwin County circuit clerk's undisputed testimony was that nothing was done to secure the attendance ofanyone who failed to answer a jury summons. There is no suggestion in the record, even by the appellant, that black jurors who failed to appear were treated any differently than white jurors who failed to appear.
The appellant was not denied due process of law by the trial court's refusal to compel the appearance of those summonsed black jurors who failed to appear for jury duty.
 II.
Wright argues that the trial court erred in sentencing him pursuant to the Alabama Habitual Felony Offender Act. Wright contends that the trial court based his sentence *Page 1320 
enhancement on improper documentation of prior felony convictions. The prior convictions used by the court were: CC-7483 (Calhoun Circuit Court) — grand larceny (C.R.56); CC-78-569 (Calhoun Circuit Court) — grand larceny (C.R.52); CC-82-030 (Lee Circuit Court) — theft (C.R.55); and CC-82-062 (Lee Circuit Court) — burglary, third degree (C.R.60-61). The trial court found that each prior conviction had been properly certified and reflected that Wright had been advised of his rights and had been represented by an attorney during the proceedings leading to the conviction.
Wright first contends that none of the four prior convictions used to enhance his sentence was properly certified. With regard to CC-82-030, the copy of the conviction provided in the record bears no form of certification, and we agree with the appellant. The three remaining prior convictions, however, were properly certified as required by Alabama law.
Section 13A-5-10.1(a), Alabama Code 1975, provides that "[c]ertified copies of case action summary sheets, docket sheets or other records of the court are admissible for the purpose of proving prior convictions of a crime, if the prior conviction is otherwise admissible under the laws of the state." Additionally, this court has elaborated on the requirements of the Habitual Felony Offender Act with regard to proof of prior felony convictions:
 "In order to prove a prior felony conviction, the state must present a certified copy of the conviction to the trial court at the sentencing hearing. Allen v. State, 611 So.2d 1152, 1155-56
(Ala.Cr.App. 1992). 'A "certified copy" of a public record is one that is signed and certified as a true copy by the officer who has lawful custody of the original.' C. Gamble, McElroy's Alabama Evidence, § 218.01 (4th ed. 1991). Under present Alabama case law certified copies of public records are self-authenticating and admissible into evidence. Bentley v. State, 450 So.2d 197, 199
(Ala.Cr.App. 1984). Similarly Rule 902(4) of the Alabama Rules of Evidence . . . provides for self-authentication of certified copies of public records."
Shumate v. State, 676 So.2d 1345, 1347 (Ala.Cr.App. 1995). "The proper method for proving prior convictions under the Habitual Offender Act is by the introduction of certified copies of the previous convictions." Johnson v. State,541 So.2d 1112, 1115 (Ala.Cr.App. 1989).
Our review of the copies of the four prior convictions used to enhance Wright's sentence reveals that, with the exception of CC-82-30, all were properly certified for purposes of application of the Habitual Felony Offender Act. The copies of the case action summary sheets and docket sheets provided as proof of convictions CC-7483, CC-78-569, and CC-82-062 are each signed and certified as a true copy by an officer who has lawful custody of the original.
The appellant's second argument, that the record submitted as proof of conviction in case CC-78-569 does not reflect that he was represented by an attorney at the time of sentencing, is also without merit. The certified docket sheet reflecting the appellant's guilty plea, judgment, sentencing, and probation application shows that he was represented by attorney Allen Crow.
The appellant additionally asserts that the prior convictions used to enhance his sentence did not reflect that he was advised of his rights at the time of sentencing. The certified copies of the convictions in cases CC-7483, CC-78-569, and CC-82-062 clearly reflect that Wright was advised of his rights at the time of sentencing. The appellant's argument is without merit.
Wright's final argument with regard to the documentation of the prior convictions used to enhance his sentence is that there is nothing to reflect that he was advised of his right to apply for youthful offender status on those convictions that occurred when he may have been eligible for youthful offender status. Alabama law does not require that documents used to enhance a defendant's sentence reflect whether he was informed of his rights as to youthful offender status. Crum v. State,611 So.2d 495, 496 (Ala.Cr.App. 1992). *Page 1321 
The trial court did not err in sentencing Wright pursuant to the Habitual Felony Offender Act with respect to the convictions in cases CC-7483, CC-78-569, and CC-82-062. The prior conviction in case CC-82-030 was improperly considered by the court. However, the court's consideration of the conviction in case CC82-030 amounted to harmless error. The court did not enhance Wright's sentence beyond the range within which it would have been enhanced by the other three convictions alone. Wright's present conviction is for burglary in the third degree, a Class C felony. The Habitual Felony Offender Act, § 13A-5-9, Ala. Code 1975, states in pertinent part:
 "(c) In all cases where it has been shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows:
 "(1) On conviction of a Class C felony, he must be punished by imprisonment for life or for any term not more than 99 years but not less than 15 years. . . ."
The range of sentencing that the Habitual Felony Offender Act prescribes for a defendant with four prior felony convictions is the same as the range given to a defendant with three. The court did not improperly enhance Wright's sentence.
 III.
The appellant argues that the trial court abused its discretion in sentencing him to 99 years in the penitentiary. The trial court did not err with regard to the sentence because it was within the proper range; there was no abuse of discretion.
The proper sentencing range for a defendant who has been convicted of a Class C felony and who has three prior convictions is imprisonment for life or for a term not less than 15 years nor more than 99 years. "When a sentence imposed by the trial court is within the minimum and the maximum range provided by our statutory law, this court will not overturn the sentence unless there is clear abuse by the trial court."Fordham v. State, 513 So.2d 31, 24 (Ala.Cr.App. 1986); see alsoWilliams v. State, 456 So.2d 852 (Ala.Cr.App. 1984).
Although the trial judge used four prior convictions to enhance Wright's sentence pursuant to the Habitual Felony Offender Act when only three were properly certified, the error was harmless. The range of sentencing under the act is the same with three prior convictions as it is with four. There was no clear abuse by the trial judge in imposing a 99 year sentence.
For the above-stated reasons, we find that the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur, except BASCHAB, J., who recuses.