PER CURIAM.
On January 27, 2003, the appellant, Elizabeth Ann Allen, pleaded guilty to possession of a controlled substance and was sentenced to two years in the penitentiary. She applied for probation, and the trial court set the matter for a hearing on March 21, 2003. On that same date the *738 trial court denied Allen’s request for probation. On April 15, 2003, Allen filed a notice of appeal. The notice of appeal was filed more than 42 days after the date of Allen’s sentencing, and our records showed that no postjudgment motions had been filed; therefore, we issued an order directing Allen to show cause why the appeal should not be dismissed.[1] The case is before this Court on Allen’s response to our order.
Allen argues that the time for filing the notice of appeal in her case cannot be measured from January 27, 2003, the date of her sentencing, because her sentence was suspended on that date pending the preparation of her probation report and her sentence was not final until the trial court officially denied her request for probation on March 21, 2003.
The transcript of the guilty plea hearing reflects the following:
“The Court: Based upon your plea of guilty, I do find that you are guilty. Do you have anything to say before the sentence of law is pronounced against you in this case?
“The Defendant: No, sir.
“The Court: I hereby sentence you to serve two years in the state penitentiary. However, I note that you have applied for probation. And I am setting your probation hearing for March 21, 2003, at 9:00 o’clock a.m. You should contact the probation office and continue going to TASC [treatment alternatives to street crimes programs] until that time.
“In accordance with the plea agreement, I’m hereby dismissing CC-02-3445 upon the recommendation of the [district attorney]. Is there anything else?
“The Defendant: No, sir.
“The Court: [Defense counsel,] you know she’s going to have a $100 fine to the Alabama Forensic Scientist Trust Fund and a $1,000 fine pursuant to the Drug Demand Reduction Act?”
(R. 8.)
Rule 4(b)(1), Ala.R.App.P., states, in part:
“In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2). ■A notice of appeal filed after the announcement of a decision or order, but before pronouncement of the sentence, shall be treated as having been filed after pronouncement of the sentence and on the day thereof. If a motion in arrest of judgment, motion for new trial, or motion for judgment of acquittal has been filed within 30 days from pronouncement of the sentence, an appeal may be taken within 12 days (6 weeks) after the denial or overruling of the motion.”
(Emphasis added.)
According to Rule 4(b), Ala.R.Crim.P., a notice of appeal in a criminal case must be filed within 42 days from the date of sentencing or within 42 days from the denial *739 or denial by operation of law of a motion in arrest of judgment, a motion for a new trial, or a motion for a judgment of acquittal.
Here, the record shows that Allen was sentenced on January 27, 2003, and that she applied for probation. Allen’s notice of appeal was not filed until April 15, 2003. A request for probation is not the equivalent of the motions recognized in Rule 4, Ala.R.App.P., as tolling the time for filing a notice of appeal. This very issue was addressed by the Alabama Supreme Court in Woods v. State, 371 So.2d 944 (Ala.1979). The Court in Woods stated:
“Although Rule 4(b) provides that a ‘timely motion in arrest of judgment or for a new trial’ will toll the running of the appeal period, no such motion was made in this case. A request for probation following sentencing does not extend the time for appeal from a judgment of conviction. Turner v. State, 365 So.2d 335 (Ala.Cr.App.1978).
“Timely filing of notice of appeal is a jurisdictional requisite, and the appeal must be dismissed for lack of jurisdiction if notice of appeal was not timely filed. [Ala.RJVpp.PJ 2(a)....
“Petitioner contends that this case is distinguishable from Turner v. State, supra, since here the trial court suspended the sentence until receipt of the post-sentence investigation report from the probation officer. Petitioner argues that since the sentence was temporarily suspended, it was temporarily inoperative and was not sufficient to support an appeal until the trial court allowed execution of the sentence. We disagree.
“Rule 4(b) expressly provides that entry of sentence is the event which triggers the running of the time in which to take an appeal. No provision is made for tolling of the period when execution of the sentence is suspended. Although a sentence may ultimately be suspended due to the granting of probation, the entry of sentence marks the termination of the legal proceedings against the defendant so that errors allegedly committed during the course of the proceedings may be presented for appellant review. The mere fact of temporary suspension of the sentence pending receipt of a probation report does not alter the ap-pealable posture of the case.”
371 So.2d at 945-46. “A request for probation following sentencing does not extend the time for appeal from a judgment of conviction.” Turner v. State, 365 So.2d 335, 335 (Ala.Crim.App.1978). See also Martinez v. State, 602 So.2d 504 (Ala.Crim.App.1992); State v. Reiner, 530 So.2d 903 (Ala.Crim.App.1988); State v. Fain, 484 So.2d 558 (Ala.Crim.App.1986); and Yearby v. State, 451 So.2d 425 (Ala.Crim.App.1984).
Allen also asserts that her attorney and the trial court operated in good faith under the assumption that the appeal was timely filed; therefore, she argues, we should allow this appeal to proceed. This Court, however, has no authority to suspend or extend the time for filing notice of appeal. As Rule 2(b), Ala.R.App.P., states, in part:
“In the interest of expediting decision, or for other good cause shown, an appellate court may suspend the requirements of provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction; provided, however, an appellate court may not extend the time for taking an appeal, as provided in Rule b (a)(1) ...”
(Emphasis added.)
Allen’s notice of appeal was not timely filed. We have no jurisdiction to consider *740 this appeal. For the foregoing reasons, this appeal is due to be, and is hereby, dismissed. Allen’s remedy, if any, is to file a petition for posteonvietion relief pursuant to Rule 32.1(f), Ala.R.Crim.P.
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. The record shows that on March 21, 2003, Allen made an oral motion to withdraw her January 27, 2003, guilty plea; however, this motion, filed more than 30 days after the, date that sentence was pronounced against Allen, was untimely. See Rule 24.1, Ala.R.Crim.P.; Wallace v. State, 701 So.2d 829, 830 (Ala.Crim.App.1997) (a motion to withdraw a guilty plea is the functional equivalent of a motion for a new trial). Also, the motion was made orally and was not "filed” with the trial court. See our recent holding in Ingram v. State, 882 So.2d 374 (Ala.Crim.App.2003), discussing the term "filed” as that term is used in Rule 26.9(b)(4)(h), Ala.R.Crim.P.