JOINER, Judge.
Christy Westbrook Hyde appeals the circuit court’s decision to depart from the non-prison dispositional recommendation of the presumptive sentencing standards (“the presumptive standards”), see § 12-25-34.2, Ala.Code 1975, and, instead, to sentence her to prison. We reverse and remand.

Facts and Procedural History

Hyde’s appeal involves the 2012 amendment to the Alabama Sentencing Reform Act of 2003, which is codified at §§ 12-25-30 to -38, Ala.Code 1975. Before the 2012 amendment, the Alabama Supreme Court explained:
“Section 12-25-31(a) states the legislature’s conclusion that the following are necessary for the provision of ‘a fair, effective, and efficient criminal justice system’:
“‘(1) Voluntary sentencing standards used to guide judicial decision makers in determining the most appropriate sentence for convicted felony offenders.
“ ‘(2) The abolition of traditional parole and good time credits for convicted felons.
‘“(3) The availability of a continuum of punishment options.’
“Section 12-25-34 directed the Alabama Sentencing Commission (‘the Commission’) to develop statewide voluntary sentencing standards and to present those standards to the legisla *503 ture over a three-year period beginning in 2004. On September 30, 2005, the Commission adopted the ‘initial voluntary sentencing standards’ (hereinafter ‘the standards,’ ‘the initial standards,’ or ‘the voluntary sentencing standards’), along with accompanying worksheets and instructions. See § 12-25-34(a)(3); § 12-25-34.1. The legislature approved the initial standards, along with the .acr companying worksheets and instructions, for implementation effective October 1, 2006. § 12-25-34.1, Ala.Code 1975.
“The general instructions for the initial standards and the accompanying worksheets state that the initial standards ‘cover the 26 most frequently sentenced offenses and .87% of sentenced cases.’ Initial Voluntary Sentencing Standards & Worksheets 22 (2006). If an offense is covered by the initial standards, the applicable worksheets must be completed. § 12-25-35, Ala.Code 1975. Specifically, there are ‘three sets of worksheets and prison sentence length tables that divide the covered offenses into three'offense types designated property, drug, and personal offenses.’ Initial Voluntary Sentencing Standards & Worksheets 22.
“ ‘For each offense type, there is an In/Out Worksheet and a Sentence Length Worksheet. Each sheet has a set of statistically relevant sentencing factors specific to each offense type. Examples of factors include: most serious current offense, other offenses being sentenced at the current sentencing event, prior convictions, previous incarcerations, juvenile/youthful offender adjudications, etc. The worksheets will result in á score that is calculated based on the information provided for each factor.
[[Image here]]
“ ‘The In/Out Worksheet produces a score that recommends either a prison or a non-prison sentence.. The Sentence Length Worksheet score tells the judge what sentence range (in .months) is recommended based on the defendant’s characteristics.’
“Id. at 122. Thus, each offender sentenced under the' initial standards is given a sentence-disposition recommendation (prison or' non-prison) and a sentence-length recommendation. Although the sentencing court must ‘consider’ the initial standards and the worksheets, the court may decline to follow the recommendations resulting from the application; of the initial standards and instead impose a sentence ‘outside the voluntary sentencing standards in accordance with existing law.’ § 12-25-35(c), Ala.Code 1975.”
State v. Jones, 13 So.3d 915, 916-17 (Ala.2008) (footnotes omitted).
In 2012, the legislature amended the Alabama Sentencing Reform Act of 2003 by enacting § 12-25-34.2, Ala.Code 1975,
“to implement presumptive sentencing standards in place of the voluntary sentencing standards! See Act No. 2012-473, Ala. Acts 2012. Section 12-25-34.2(b), Ala.Code 1975, provides:
“‘The voluntary sentencing standards as provided for in Section 12-25-34, as applied to nonviolent offenses shall become presumptive sentencing standards effective October 1, 2013, to the extent the modification adopted by the Alabama Sentencing Commission become effective October 1, 2013; The'standards shall be applied by the courts in sentencing subject to departures as provided herein. To accomplish this purpose as to the existing initial voluntary sentencing standards, the- Alabama Sentencing Commission shall adopt modifications *504 to the standards, worksheets, and instructions to the extent necessary to implement this provision including, but not limited to, defining aggravating and mitigating factors that allow .for departure from the presumptive sentencing recommendations. - ‘ The commission’s modifications shall be presented to the Legislature in- the . commission’s annual report within the first five legislative days of the 2013 Regular Session.’ ”
Clark v. State, 166 So.3d 147, 149 (Ala.Crim.App.2014).
In accordance with § 12-25-34.2(b), Ala. Code 1975, the Alabama Sentencing Commission (“the Commission”) submitted to the legislature “proposed modifications” to the-voluntary sentencing standards, which were subsequently adopted by the legislature. See Clark, 166 So.3d at 151 (“The Commission’s proposed modifications were not rejected by the, legislature by the passage of a bill during the legislative session and, consequently, became effective on October 1, 2013. See § 12-25-34(d), Ala. Code 1975. Thus, the proposed modifications are the expressed intent of the legislature as to the application and administration of the presumptive sentencing standards.”). The Commission’s modifications retained the format of the voluntary standards to the extent that the presump-five standards also require the completion of both an In/Out Worksheet and a Sentence-Length Worksheet, which provide a dispositional recommendation (prison or non-prison) and a recommendation of- sentence length, respectively. Although the voluntary standards required a circuit court only to consider the recommendations, the presumptive standards require circuit courts to follow both the disposi-tional and durational recommendation- except “in exceptional cases, upon a finding of aggravating and/or mitigating factors.”[1] Alabama Sentencing Commission 2013 Annual Report A15.
On November 25, 2013, after the presumptive sentencing standards became effective; Hyde, pursuant to a negotiated plea agreement, pleaded guilty to first-degree theft of property, see § 13A-8-3, Ala.Code 1975. The circuit court determined that Hyde’s offense was “covered by the sentencing standards” and imposed on Hyde á sentence length of 30 months. (C. 8.)
According to the circuit court’s sentencing order, the presumptive sentencing standards recommended a durational sentencing range between 14- to 46 months straight, and 6 to 12 months split, and also recommended a sentence disposition of “rioh-pirison.”[2] (C. 8.) Additionally, the *505 circuit court ordered Hyde to pay a $250 fíne, a $175 bail-bond fee, a $50 Alabama crime victims’ compensation assessment, an attorney fee, and $7,200 in restitution.
At the time she pleaded guilty and was given a 30-month-sentence length, the circuit court asked Hyde if she “wish[ed] to apply for probation,” to which Hyde answered, “Yes, ma’am.” (R. 10-11.) The circuit court then set a “probation hearing” for January 16, 2014.
On January 16, 2014,. Hyde, appeared, with counsel, before the circuit court for her “probation hearing.” At the “probation hearing,” Hyde explained to the circuit court that the presumptive sentencing standards applied to her case and that those standards “recommend[ed] a non-prison sentence.” (R. 17.) Thereafter, the circuit court asked about the amount of restitution in this case; the circuit court then asked the following:
“The Court: ... All right. Do you have any other evidence you may want me to consider?
“[Hyde’s counsel]: That’s it. Your Honor.
“The Court: All right. Ms. Hyde, I hereby deny your application for probation. I turn you over to the custody of the sheriff. You will begin serving your sentence today.
“[Hyde]: Your Honor, can I say something?
“The Court: No* ma’am.”
(R. 19.)
On January 17, 2014, Hyde filed what she styled as “Defendant’s Motion to Vacate, Alter or Amend Order Denying Probation Under the Presumptive Sentencing Guidelines,” in which Hyde argued, among other things, that the circuit court’s departure from the dispositional “non-prison” recommendation in the presumptive standards was error because, she said,
“[t]he ‘In/Out’ portion of the presumptive sentencing guideline worksheet specifically stated that probation was recommended based on the charge and [Hyde’s] history, or lack thereof. In addition, the District Attorney’s Office never filed, or orally presented, any aggravating factors at the time of sentencing that would justify a dispositional departure from the presumptive sentence recommendation for disposition of sentence as stated in Page 15 of the Alabama Sentencing Commission’s Manual: ‘Substantial and compelling reasons justifying an exceptional sentence whereby the sentencing court may impose a departure sentence above the presumptive sentence recommendation for an offense. Aggravating factors may result in dispo-sitional or sentence range departures,, or both, and shall be stated on the record by the court.’ ”
(C. 26 (emphasis omitted).)
On January 22, 2014, the circuit court issued an order denying Hyde’s rhbtion, *506 and Hyde, on January 23, 2014, filed a notice of appeal.

Discussion

On appeal, -Hyde contends that the circuit court erred “when it deviated from, the presumptive sentencing 'guidelines by entering a dispositional departure prison sentence of [Hyde’s] non-prison recommendation without any aggravating factors on record.” (Hyde’s brief, p. 3.)
I.
Initially, we note that, although neither Hyde nor the. State discusses in then-briefs on appeal this Court’s jurisdiction to decide Hyde’s appeal, this Court must first determine whether we may exercise jurisdiction over claims arising from a circuit court’s failure to follow the: presumptive standards; second, if we conclude that we may, we must determine the- scope of our appellate review over such claims; finally, we must determine whether we, in fact, have jurisdiction to entertain Hyde’s appeal — specifically, whether Hyde’s, notice of appeal was timely filed.
Under the Alabama Sentencing Reform Act of 2003, the legislature expressly declined to extend appellate review to cases in which the circuit court departed from either the durational or dispositional recommendations of the initial voluntary sentencing guidelines. Specifically, the legislature explained:
. “In any felony case.in which the trial court imposes a sentence that departs from the voluntary standards, and sentences outside the voluntary sentencing standards in accordance with existing law, the court may provide a brief written reason for the departure. Neither the departure nor the reason stated for the departure shall be subject to appellate review ..., ”
§ 12 — 25—35(c), Ala.Code 1975 (emphasis added). The legislature also explained that “[f]ailure to follow any or all of the provisions of this section, or failure to follow any or all of the provisions of this section in the prescribed manner, shall not be reviewable on appeal or the basis of any other post-conviction relief.” § 12-25-35(f), Ála.Code 1975 (emphasis added). Although the legislature did not provide a basis for appellate review of claims arising under the initial voluntary sentencing standards, the Alabama Supreme Court recognized a limited right to appeal a sentence imposed under the initial voluntary sentencing standards; specifically, the Alabama Supreme Court explained: '
“The initial standards were patterned after Virginia’s Sentencing Guidelines, and § 12 — 25—35(f). is nearly identical to § 19.2-298.01.F, Va.Code Ann. See Initial Voluntary Sentencing Standards & Worksheets 124 (‘[The initial standards] were patterned after Virginia’s guidelines and are voluntary and not subject to appellate review.’). Virginia’s courts have interpreted § 19.2-298.01.F as permitting appellate review óf a sentence imposed under Virginia’s guidelines for the limited purpose of determining if the sentence is within the range recommended by the those guidelines. In Hunt v. Commonwealth, 25 Va.App. 395, 404-05, 488 S.E.2d 672, 677 (1997), the Court of Appeals of Virginia stated:
“ ‘The sentencing guidelines are not binding on the trial judge. Belcher v. Commonwealth, 17 Va.App. 44, 45, 435 S.E.2d 160, 161 (1993). Rather, they are a tool designed to assist the judge in fixing an appropriate punishment. Id. It is well-settled that “[i]f the sentence was within the range set by the Legislature [for the crime with which the defendant was convicted], an appellate court will not interfere with the judgment.” Hudson v. Com *507 monwealth, 10 Va.App. 158, 160-61, 390 S.E.2d 509, 510 (1990).’
“Thus, under Virginia’s corresponding provision to § 12-25-35(f), Ala.Code 1975, an appellate court’s review of a sentence, imposed under the initial standards is ‘limited to whether the sentence fell within the permissible statutory range.’ Smith v. Commonwealth, 26 Va.App. 620, 626, 496 S.E.2d 117, 120 (1998).”
State v. Jones, 13 So.3d at 919-20 (footnotes omitted; emphasis added). See also Sistrunk v. State, 109 So.3d 205, 207 (Ala.Crim.App.2012) (recognizing the limited appellate review of sentences imposed under the initial voluntary sentencing standards), and State v. Crittenden, 17 So.3d 253, 259 (Ala.Crim.App.2009) (same).
In the 2012 amendment to the Alabama Sentencing Reform Act of 2003— which, as stated above, created the presumptive sentencing standards—the legislature did not repeal § 12-25-35(c) or (f), Ala.Code 1975. In fact, the Presumptive and Voluntary Sentencing . Standards Manual 13, explains that the “sentence recommendations for violent offenses . .,, including all burglaries, are unaffected by [the adoption of the presumptive sentencing standards] and remain completely voluntary and non-appealable.” Thus, the limited appellate review available under § 12-25-35(c) and (f), Ala.Code 1975, still applies to offenses that fall under the purview of the voluntary sentencing standards—e.g., certain violent offenses arid all burglary offenses.
Although certain violent offenses and burglary offenses still fall under the purview of the voluntary, sentencing standards and are not appealable, the legislature did, for offenses falling under the presumptive sentencing standards, create a narrow set of circumstances under which either an offender or the State could seek appellate review. Specifically, the legislature, authorized appellate review of “[d]u-rational and dispositional departures from the presumptive sentencing standards.” § 12-25-34.2(c), Ala-.Code 1975. Thus, a circuit court’s decision to depart from either a durational or dispositional recommendation-provided in the presumptive sentencing standards is, -in fact, subject to appellate review.
Although subjecting such claims to appellate review, the' legislature did not define the scope of appellate review over claims arising from a circuit court’s decision to depart from either a durational or dispositional recommendation. Rather, the legislature mandated that the Commission propose “a narrowly defined scope of appellate review applicable to departures froiri presumptive sentencing recommendations,” which would “become effective upon approval by an act of the Legislature enacted by bill.” § 12-25-34.2(c), Ala.Code 1975. The Commission, complied with the legislature’s mandate and proposed that the legislature create
“a new statute, § 12-25-34.3, to read as follows: . ....
“The State may appeal a departure sentence below the presumptive recommendation and the defendant may appeal a departure sentence above the presumptive recommendation. Appellate review shall be limited to whether the trial court abused its discretion.”
Alabama Sentencing Commission 2013 Annual Report, 5. The legislature, however, did not enact a bill adopting the Commission’s recommendation as to the standard of appellate review. The legislature’s failure to define the scope of appellate review, however, does' not preclude this Court from defining that scope.
Traditionally, this Court, when examining a circuit court’s decision to impose *508 a certain sentence length under §§ 13A-5-6 or 13A-5-9, Ala.Code 1975, has applied an abuse-of-discretion standard of review. See, e.g., Satterwhite v. City of Auburn, 945 So.2d 1076, 1090 (Ala.Crim.App.2006) (“Satterwhite’s sentence clearly falls within the statutory range. We have reviewed the record and find no abuse of.discretion on the part of the trial court in sentencing Satterwhite to 30 days’ imprisonment in the county jail.”); Best v. State, 895 So.2d 1050, 1052 (Ala.Crim.App.2004) (“It is well settled that, absent an abuse of discretion, this Court will not disturb a sentence on appeal where the sentence imposed by the trial court is within the statutory range. See Nix v. State, 747 So.2d 351, 357 (Ala.Crim.App.1999); see also Buford v. State, 891 So.2d 423 (Ala.Crim.App.2004).”); Wright v. State, 709 So.2d 1318, 1321 (Ala.Crim.App.1997) (“The trial court did not err with regard to the sentence because it was within the proper range; there was no abuse of discretion.”); Sparks v. State, 665 So.2d 996, 998 (Ala.Crim.App.1995) (“‘Where the punishment is within the statutory range, this Court will hot overturn the sentencing decision absent a clear abuse of discretion by the trial court.’ Fordham v. State, 513 So.2d 31, 34 (Ala.Cr.App.1986).”); Callahan v. State, 644 So.2d 1329, 1334 (Ala.Crim.App.1994) (same); Hinton v. State, 632 So.2d 1345, 1350 (Ala.Crim.App.1993) (same); Pickron v. State, 475 So.2d 600, 601 (Ala.Crim.App.1985) (“The sentence imposed by the trial judge in the case sub-judice is well within the range of punishment authorized by statute, and we deem it inappropriate to substitute our judgment for that of the trial court as to the punishment the appellant-defendant should receive. To do so would constitute an unwarranted invasion by an appellate court of the province of the trial court. As long as the sentence imposed by the trial court is within statutory boundaries, the Court of Criminal Appeals will not overturn the decision absent clear abuse. Wilbourn v. State, 457 So.2d 1001 (Ala.Crim.App.1984). We see no abuse here.”). Because the presumptive sentencing standards were implemented to “[a]llow judges to retain significant discretion in arriving at a sentencing decision[ ],” Presumptive and Voluntary Sentencing Standards Manual 14, we see no reason to depart from our traditional scope of appellate review of a circuit court’s decision to impose a .certain sentence. Thus, when reviewing a circuit court’s decision to depart from either a dispositional or dura-tional recommendation under the presumptive sentencing standards, this Court will apply an abuse-of-discretion standard of review.
Although we conclude that this Court has jurisdiction over claims arising from a circuit court’s decision to depart from the presumptive sentencing standards and that we will review such claims for an abuse of discretion by the circuit court, this Court must also determine whether it may exercise jurisdiction over Hyde’s appeal. Specifically, we must determine whether Hyde’s notice of appeal was timely filed.
Rule 4(b)(1), Ala. R.App. P., provides, in part:
“In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence, provided that the'notice of appeal may be oral, as provided in Rule 3(a)(2). A notice of appeal filed after the announcement of a decision or order, but before pronouncement of- the sentence, shall be treated • as having been filed after pronouncement of the sentence and on the day thereof.' If a motion in arrest of judgment, motion for new trial, or motion for judgment of acquittal has been filed within SO days from pronouncement of the sentence, an appeal *509 may be taken within 42 days (6 weeks) after the denial or overruling of the motion,”
(Emphasis added.)'
When a sentence is imposed under either § 13A-5-6, Ala.Code 1975, or § 13A-5-9, Ala.Code 1975, this Court has recognized thát,
“According to Rule 4(b), Ala.. R. [App.] P., a notice of appeal in a criminal case must be filed within 42 days from the date of sentencing or within 42 days from the denial or denial by operation of law of a motion in arrest of judgment, a motion for a new trial, or a motion for a judgment of acquittal.
"... A request for probation is not the equivalent of the motions recognized in Rule 4, Ala. R.App. P„ as tolling the time for filing a notice of appeal. This very issue was addressed by the Alabama Supreme Court in Woods v. State, 371 So.2d 944 (Ala.1979). The Court in Woods stated:
“ ‘Although Rule 4(b) provides that a “timely motion in arrest of judgment or for a new trial” will toll the running of the appeal period, no such motion was made in this case. A request for probation following sentencing does not extend the time for appeal from a judgment of conviction. Turner v. State, 365 So.2d 335 (Ala.Cr.App.1978).
“ ‘(Timely filing of notice of appeal is a jurisdictional requisite, and the appeal must be dismissed for . lack of jurisdiction if notice of appeal was not timely filed. [Ala. R.App. P.]2(a)....
“ ‘Petitioner contends that this case is distinguishable from Turner v. State, supra, since here the trial court suspended the sentence until receipt of the post-sentence investigation report from the probation officer. Petitioner argues that since the sentence was temporarily suspended, it was temporarily inoperative and was not sufficient to support an appeal until the trial court allowed execution of the sentenced We disagree.
“ ‘Rule 4(b) expressly provides that entry of sentence is the event which triggers the running of the time in which to' take an appeal. No provision is made for tolling of the period when execution of thé sentence is suspended. Although a sentence may ultimately be suspended due to the granting of probation, the entry of sentence marks the termination of the legal proceedings against the defendant so that errors allegedly committed during the course of the proceedings may be presented for appellate review. The mere fact of, temporary suspension of the sentence pending receipt of a probation report does not alter the appealable posture of the case.'
“371 So.2d at 945-46. ‘A request for probation following sentencing does not extend the time for appeal from a judgment of conviction.’ Turner v. State, 365 So.2d 335, 335 (Ala.Crim.App.1978). See also Martinez v. State, 602 So.2d 504 (Ala.Crim.App.1992); State v. Reiner, 530 So.2d 903 (Ala.Crim.App.1988); State v. Fain, 484 So.2d 558 (Ala.Crim.App.1986); and Yearby v. State, 451 So.2d 425 (Ala.Crim.App.1984).”
Allen v. State, 883 So.2d 737, 738-39 (Ala.Crim.App.2003). One basis for holding that a probation request does not toll the timé for filing a notice of appeal from a judgment of conviction is that “[t]he original granting or denial of probation is entirely within the discretion of the trial judge and is not reviewable on appeal from a judgment of conviction.” Turner v. State, 365 So.2d 335, 336 (Ala.Crim.App.1978).
*510 Here, as set out above, the circuit court, on November 25, 2013, imposed- on Hyde, under the presumptive sentencing standards, a durational-sentence length of 30 months. At the sentencing hearing, however, the circuit court did not determine whether it was going to follow the disposi-tional recommendation of the presumptive sentencing standards and, instead, asked Hyde whether she would like to “apply for probation,” to which Hyde replied that she did. Thereafter, the circuit court set a “probation hearing” for January 16, 2014— 52 days after the circuit court imposed a 30-month-sentence length. On January 16, 2014, the circuit court, at the “probation hearing,” chose to depart from the dispositional recommendation in the presumptive sentencing standards and imposed on Hyde a “prison” sentence. On January 23, 2014 — 59 days after the 30-month-sentence length was pronounced— Hyde filed a notice of appeal.
Thus, under the holdings articulated in Allen, supra, Woods v. State, 371 So.2d 944 (Ala.1979), and Turner v. State, 365 So.2d 335 (Ala.Cr.App.1978), Hyde’s filing of her notice of appeal 59 days after the circuit court pronounced the 30-month-sentence length would be untimely. Those cases, however, are distinguishable from this case.
Specifically, here, unlike in Allen, Woods, and Turner, Hyde was not sentenced under either § 13A-5-6 or § 13A-5-9; rather, Hyde was. sentenced under the presumptive sentencing standards. See § 12-25-34.2, Ala.Code 1975. Unlike other statutory sentencing schemes, under the presumptive sentencing standards, the “entry of sentence” does not occur unless and until a circuit court makes a decision on both the durational and .dispositional sentencing recommendations. Indeed, the instructions for the presumptive sentencing standards, which were expressly adopted by the legislature, see Clark, 166 So.3d at 150, contemplate that a “sentence” is not complete until both a dura-tional and dispositional determination has been made. Specifically, the sentencing-standards manual states that “[a] sentence comports to the Standards when the sentence conforms to the recommendation on the In/Out Worksheet [the dispositional recommendation] and the sentence length is chosen from the recommended sentence ranges on the Prison Sentence Length Table [the durational recommendation].” Presumptive and Voluntary Sentencing Standards Manual 23 (emphasis added). In other words,, under the presumptive sentencing standards, a “sentence” includes both a durational and dispositional decision, and this Court cannot determine whether a “sentence comports” with the mandates of the presumptive sentencing standards unless both a dispositional and durational determination have been made. Thus, under the presumptive sentencing standards, a sentence is not “pronounced” or “entered” for purposes of triggering the time in which to file a notice of appeal under Rule 4(b), Ala. R.App. P., until a circuit court has made’ both a durational and dispositional determination.[3]
Additionally, this case is further distinguishable from Allen, Woods, and Turner, *511 because, as stated above, the holding in those cases that an application for probation does not toll the time in which to file a notice of appeal is premised on the principle that “[t]he original granting or denial of probation is entirely within the discretion of the trial judge and is not reviewable on appeal from a judgment of conviction.” Turner, 365 So.2d at 336. Although circuit courts have “significant discretion” under the presumptive sentencing standards, a circuit court’s decision to. depart from a dispositional recommendation is both reviewable on appeal and reversible if the circuit court abused its discretion. Thus, unlike a decision to grant or deny probation on a sentence imposed outside the presumptive standards, a circuit court’s decision to depart from a dispositional recommendation of the presumptive standards is not “entirely within the discretion” of the circuit court.
Accordingly, Hyde’s notice of appeal, which was filed well within 42 days of the circuit court’s decision to depart from the dispositional recommendation, was timely.
Because this Court can exercise jurisdiction over claims arising from a circuit court’s decision to depart from either a durational or dispositional recommendation, which this "Court will review for an abuse of discretion, and because Hyde’s notice of appeal was timely filed, wé now turn to Hyde’s claim on appeal.
II.
As set out above, Hyde argues on appeal that the circuit court erred “when it deviated from the presumptive sentencing guidelines by entering a dispositional departure prison sentence of [Hyde’s] non-prison recommendation without any aggravating factors on record.” (Hyde’s brief, p. 3.) Specifically, Hyde argues that the State failed to either give written or oral notice of “any aggravating factors ... that would justify a dispositional departure” and that the. circuit court failed to state any aggravating factors on the record justifying a dispositional departure.[4] (Hyde’s brief, p. 10.)
Under the presumptive standards, circuit courts are given “significant discretion in arriving at sentencing decisions.” Presumptive and Voluntary Sentencing Standards Manual 14 (emphasis added). That “significant discretion” includes a circuit court’s decision to depart from either the durational or dispositional recommendation, or both. - The Presumptive and Voluntary Sentencing .Standards Manual, however, explains that a durational or dis-positional departure “should be rare” and occur only “in exceptional cases.” Presumptive. q,nd Yoluntary Sentencing Standards Manual 24. Before, a circuit court chooses to depart from a dispositional or durational recommendation under the presumptive sentencing standards, however, the following procedures must be followed:
“3. Consideration of Aggravating and Mitigating Factors — The Court must consider all aggravating and/or mitigating factors proven for a .sentencing event, but the decision to depart from the presumptive sentence recommendation is in the discretion of the court.
[[Image here]]
*512 “4. Burden of Proof — Aggravating Factors — The prosecutor bears the burden of proving beyond a reasonable doubt that an aggravating factor exists. The defendant is entitled to a jury trial on the existence of any aggravating factor, unless the aggravating factor is admitted by the defendant or both the defendant and the prosecutor waive a jury; determination and request the judge alone to decide. It is'within the discretion of the trial court whether to bifurcate the trial and sentencing phase of a covered case.
“5. Burden of Proof — Mitigating Factors — The defendant-bears the burden of. proving by a preponderance of the evidence that a mitigating factor exists. A jury is not.required to deter.mine the existence of a mitigating factor.
“6. Notice — Aggravation—The prosecutor shall give the defendant notice of aggravating factors no less than seven (7) days before trial. Once given, notice is deemed sufficient for any future trial settings; For good causé shown, notice may be given at any time with the consent of the trial court, provided the defendant is given' an opportunity to research and-rebut the aggravating factor. Notice can be waived.
“7. Notice Requirements — Mitigation — The defendant shall give the prosecutor notice of mitigating factors no less than seven (7) days before- sentencing. Once given, notice is deemed sufficient for any future sentencing settings. For good cause shown, notice may be given at any time with the consent of the trial court, provided the prosecutor is given an opportunity to research and rebut the mitigating factor. Notice can be waived.
“8. Stating Reasons for Departure— The aggravating and/or mitigating factors found as reasons for any departure must be stated in the written sentencing order, even if the departure sentence is the result of ⅝ plea agreement and the parties have agreed to the existence of the aggravating and/or mitigating factors.” -
Presumptive and Voluntary Sentencing Standards Manual 24-25 (emphasis added).
Here, the record demonstrates that none of the above-listed requirements was followed when the circuit court chose to depart from Hyde’s “non-prison”[5] dis-positional recommendation. Specifically, nothing in the record demonstrates that the State provided any notice to Hyde of an aggravating' circumstance that would justify the circuit court’s decision to depart from the non-prison dispositional recommendation. Additionally, although the circuit court conducted a “probation hearing,” the question of the existence of any aggravating factors was not presented to a jury. Furthermore, nothing in the record demonstrates that Hyde — or the State— waived the right to a,jury determination of the existence of aggravating factors that would justify the circuit court’s decision to depart from the. presumptive sentencing standards. Also, although the State bears the burden of proving aggravating factors beyond a reasonable doubt, the State made no arguments and presented no evidence of the existence of any aggravating factors at the “probation' hearing.” In fact, because the presumptive sentencing guidelines recommended “non-prison,” the circuit court, when it asked Hyde if she had any evidence she wanted to present as to why she should receive probation, improp *513 erly shifted the burden.-of proof in this case from the State to Hyde. Finally, the circuit court did not articulate—eithér at the “probation hearing” or in its sentencing order—any reason .to justify a departure from the non-prison recommendation in this case.
Because the circuit court failed to follow the requirements set forth in the Presumptive and Voluntary Sentencing Standards Manual when, it chose to depart from the non-prison dispositional recommendation in this casé, the circuit court abused its discretion when it imposed on Hyde a “prison” sentence.
Accordingly, the judgment of the circuit court purporting to impose on Hyde a “prison” disposition is reversed, and this case is remanded to the circuit court for that court to impose on Hyde a “non-prison” disposition consistent with the dis-positional recommendation on the presumptive sentencing guidelines.[6] Due return should be made to this Court within 28 days of the release of this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WINDOM, P.J., and WELCH, KELLUM, and BURKE, JJ., concur.

. The presumptive standards apply -only to those nonviolent offenses included in the "Property A” and "Drug Offense” worksheets. See Presumptive and Voluntary Sentencing Standards Manual 19. The presumptive standards do not apply to those offenses included in the "Personal Worksheets,” the "Property Worksheets” (which include only burglary offenses), or those offenses for which ‘‘the conviction carries a mandatory life without parole sentence or is a sex offense involving a child victim under 12 years of age.” Presumptive and Voluntary Sentencing Standards Manual 53. Those offenses included in the "Personal Worksheets”, and all the burglary offenses remain under the purview'of the vol- ■ -untary standards. Id.

. The circuit court used the October 1,.2006, property-offense worksheet to calculate the durational and dispositional recommendation in this case. (C. 13-14.) The 2006 property- . offense worksheet was implemented for use along with the .2006 amendment to the voluntary sentencing standards. Because the voluntary sentencing standards were replaced by the presumptive sentencing standards, the 2006 property-offense worksheet is no longer the correct worksheet to use to calculate the durational and dispositional recommendation *505 under the presumptive sentencing standards. Instead, for the offense at issue in this case, the circuit court should have used the "Property A” worksheet, which became effective on October 1, 2013, and which was implemented for use along with the presumptive sentencing standards.
Although the circuit court used the incorrect worksheet, the 2006 property-offense worksheet and the 2013 "Property A” worksheet differ only to the extent that the 2013 “Property A” worksheet éxcludes the burglary .offenses. Because Hyde pleaded guilty to first-degree theft of property, .under the circumstances of this case, regardless of whether the circuit court used the 2006 or 2013 worksheet, the calculations for the durational'and dispositional recommendations are identical. Thus, it is not necessary to remand this case for the circuit court to use the correct form in calculating the durational and dispositional recommendations.

. To conclude otherwise, and to apply the decisions in Allen, Woods, and Turner to the presumptive sentencing standards, would allow a circuit court to escape appellate review of its decisions to depart from a dispositional recommendation. Specifically, a circuit court could escape appellate review of such a decision simply by complying with a durational recommendation and setting a hearing on the dispositional recommendation beyond 42 days after the durational recommendation has been made. Tp allow such a circumvention of appellate review would render the legislature's express language — that dispositional departures be reviewable on appeal — superfluous.

. The State, in its brief on appeal, argues that because Hyde's offense was committed before October 1, 2013, the presumptive sentencing standards are inapplicable to her. The State’s argument, however, was recently rejected by this Court in Clark v. State, 166 So.3d 147, 151 (Ala.Crim.App.2014) (“Although Clark committed his offense well before October 1, 2013, he was not sentenced until October 11, 2013, and, according to the expressed intent of the legislature, was required to be sentenced under the presumptive sentencing standards.”.).

. Under the presumptive standards a “non-prison” disposition includes probation, community corrections, county jail/work release, a reverse split, or a split sentence with a suspended split. ’ See Presumptive and Voluntary Sentencing Standards Manual 23.

. On remand, the circuit court may not impose a sentence length, greater than 30 months. See generally Ex parte Tice, 475 So.2d 590 (Ala.1984) (holding that a court may not impose a harsher sentence on a defendant who successfully challenges his sentence on appeal).