WELCH, Judge.
Johnny Lavorso Abro appeals the Montgomery Circuit Court’s decision to depart from the non-prison dispositional recommendation of the presumptive sentencing standards (“the presumptive standards”), see § 12-25-34.2, Ala.Code 1975, and instead, to sentence him to prison. We reverse and remand.
On August 7, 2014, Abro pleaded guilty to third-degree burglary, a violation of *463 § 1SA-7-7, Ala.Code 1975, and to second-degree theft of property, a violation of § 13A-8-4, Ala.Code 1975. The burglary conviction was subject to the voluntary sentencing guidelines, and the theft conviction was subject to the presumptive standards. Because the theft conviction was considered the more serious offense, having the highest worksheet-point total, the presumptive standards applied to sentencing. According to the guilty-plea form, the presumptive standards recommended a du-rational sentencing range between 54 and 115 months, and 6 to 19 months split, and also recommended a sentence disposition of “non-prison.”
At the sentencing hearing on September 25, 2014, the circuit court asked the prosecutor if she had filed any “aggravators”; she responded that she had not. Abro requested that the circuit court follow the presumptive standards. The circuit court stated that it was not going to follow the presumptive standards and that it was deviating from the guidelines because of Abro’s criminal history. According to the circuit court, Abro’s criminal history was an aggravating factor reasonably related to the purposes of sentencing. The circuit court also stated that the burglary conviction was the more serious offense and should have controlled sentencing. The circuit court sentenced Abro to 60 months in prison. Abro informed the circuit court that he wanted to appeal the deviation, stating that he did not receive the appropriate notice regarding the “aggravator” and that the circuit court had erred in deviating from the guidelines.
On appeal, Abro contends that the circuit court erred when it deviated from the presumptive standards by entering a dis-positional departure from the “non-prison” recommendation. Specifically, Abro argues that the State failed to give notice of any aggravating factors that would justify a departure from the presumptive standards, that his case did not warrant a departure from the presumptive standards, and that the circuit court erred in using his prior criminal history as an aggravating factor.
The Presumptive and Voluntary Sentencing Standards Manual sets forth procedures that must be followed before the circuit court may depart from a disposi-tional or durational recommendation. Those procedures include: the court must consider any aggravating factor proven by the prosecutor beyond a reasonable doubt; the defendant is entitled to a jury trial on the existence of the aggravating factor unless the factor is admitted by the defendant or both parties waive determination by a jury; the prosecutor give the defendant notice of aggravating factors no less than 7 days before trial; and the circuit court state the aggravating factors found as reasons for any departure in its sentencing order.
Here, the record demonstrates that none of the above-listed procedures was followed when the circuit court chose to depart from Abro’s “non-prison” disposi-tional recommendation. The State did not seek to prove any “aggravators,” and, therefore, did not provide any notice of aggravating circumstances. Additionally, the question of the existence of any aggravating factors was not presented to a jury, and neither Abro nor the State waived the right to a jury determination of the existence of aggravating factors that would justify the circuit court’s decision to depart from the presumptive standards. The State made no arguments and presented no evidence of the existence of any aggravating factors at the sentencing hearing; instead, the circuit court sua sponte applied what it deemed to be an aggravating factor. Because the circuit court failed to follow the requirements set forth in the Presumptive and Voluntary Sentencing *464 Standards Manual when it chose to depart from the non-prison dispositional recommendation, the circuit court abused its discretion when it imposed a “prison” sentence on Abro. See Hyde v. State, 185 So.3d 501 (Ala.Crim.App.2015). Accordingly, the circuit court’s judgment imposing a “prison” disposition is reversed, and this case is remanded to the circuit court for that court to impose on Abro a “non-prison” disposition consistent with the dis-positional recommendation on the presumptive sentencing guidelines. The circuit court’s sentencing order should reflect the sentence for each conviction and should state that the sentences are to run concurrently. Due return should be made to this Court within 28 days from the date of this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.*
WINDOM, P.J., and KELLUM and BURKE, JJ., concur.
JOINER, J., concurs in the result.

 Note from the reporter of decisions: On August 5, 2016, on return to remand, the Court of Criminal Appeals affirmed, without opinion.