JOINER, Judge.
J'Anthony Corteze Showers pleaded guilty on November 30, 2015, to two counts of unlawful distribution of a controlled substance. See §§ 13A-12-211, Ala. Code 1975. On June 27, 2016, the circuit court sentenced Showers to 97 months' imprisonment on each conviction and ordered that the sentences were to run consecutively; the circuit court split each sentence, ordering Showers to serve consecutive terms of 18 months in the Pickens County jail followed by 60 months' probation. In his appeal to this Court, Showers challenges only his sentences.
Specifically, Showers questions whether the circuit court correctly applied the presumptive sentencing standards ("the presumptive standards") that became effective October 1, 2013.[1] See § 12-25-34.2, Ala. Code 1975. See also Hyde v. State, 185 So.3d 501, 502-04 (Ala. Crim. App. 2015) (detailing the history of the Alabama Sentencing Reform Act of 2003, codified at §§ 12-25-30 to -38, Ala. Code 1975, as well as the 2012 amendment to that act). Showers argues that, under the facts of his case, his consecutive base sentences (97 months) and consecutive split sentences (18 months) do not comport with the presumptive standards.
The Presumptive and Voluntary Sentencing Standards Manual sets forth the offenses subject to the presumptive standards and provides circuit courts instructions and worksheets to use in imposing a sentence under the presumptive standards. In Snow v. State, 197 So.3d 549 (Ala. Crim. App. 2015), this Court provided the following relevant description of the presumptive standards:
"The presumptive sentencing standards apply only to those nonviolent offenses included in the 'Property A' and 'Drug Offense' worksheets. See Presumptive and Voluntary Sentencing Standards Manual 19. The presumptive sentencing standards do not apply to convictions carrying a mandatory sentence of life imprisonment without parole *126 or to sex offenses involving a child victim under 12 years of age. Id. Likewise, the presumptive standards do not apply to those offenses included in the 'Personal Worksheets,' which include offenses such as assault, manslaughter, murder, rape, robbery and sodomy, or the 'Property Worksheets,' which include only burglary offenses. See Presumptive and Voluntary Sentencing Standards Manual 53.
"When the presumptive sentencing standards apply, sentencing worksheets are presented to the prosecutor, the defendant and/or his attorney, and the sentencing judge before sentencing. Presumptive and Voluntary Sentencing Standards Manual 17. 'Worksheets must be completed and considered when the "most serious offense" at a sentencing event is a worksheet offense in the same venue.' Presumptive and Voluntary Sentencing Standards Manual 20. 'A sentencing event includes all convictions sentenced at the same time, whether included as counts in one case or in multiple cases, regardless of whether offenses are worksheet offenses.' Presumptive and Voluntary Sentencing Standards Manual 20 (emphasis in original)....
"Circuit courts are given 'significant discretion in arriving at sentencing decisions' under the presumptive standards. Presumptive and Voluntary Sentencing Standards Manual 14. That discretion includes a circuit court's decision, 'in exceptional cases,' to depart from the durational or dispositional recommendation, or both, 'upon a finding of aggravating and/or mitigating factors.' Presumptive and Voluntary Sentencing Standards Manual 24. A circuit court 'must consider all aggravating and/or mitigating factors proven for a sentencing event, but the decision to depart from the presumptive sentence recommendation is in the discretion of the court.' Presumptive and Voluntary Sentencing Standards Manual 24. Before a circuit court chooses to depart from a dispositional or durational recommendation under the presumptive sentencing standards, certain procedures must be followed, among them that the prosecutor must prove beyond a reasonable doubt that an aggravating factor exists. Id. The presumptive standards also provide that '[t]he defendant is entitled to a jury trial on the existence of any aggravating factor, unless the aggravating factor is admitted by the defendant or both the defendant and the prosecutor waive a jury determination and request the judge alone to decide.' Id."
197 So.3d at 551-52.
In the instant case, Showers was sentenced at one "sentencing event" for two counts of unlawful distribution of a controlled substance. The "In/Out Worksheet" prepared for Showers indicates a dispositional recommendation of "non-prison," and the "Sentence-Length Worksheet" indicates a presumptive sentence range of 15 to 97 months with a split range of 8 to 27 months. (C. 145, 149.)
The State did not seek a departure sentence, and the circuit court did not assert that it was imposing a departure sentence. Showers contends that by imposing consecutive base sentences of 97 months each and consecutive split sentences of 18 months each, the circuit court imposed sentences that fail to comply with the guidelines. We agree.
The Presumptive and Voluntary Sentencing Standards Manual states the following regarding a sentencing event:
"Imposition of Sentence
"A sentence comports to the Standards when the sentence conforms to the recommendation on the In/Out Worksheet *127 and the sentence length is chosen from the recommended sentence ranges on the Prison Sentence Length Table.
"Once a sentence has been selected from the recommended Prison Sentence Length Table, the sentencing judge may determine how that sentence shall be imposed for that sentencing event. The total or aggregate sentence event cannot exceed the sentence selected for the most serious offense.
"Example:
"If a defendant is sentenced for three Class B felonies at one sentencing event and the chosen sentence is 120 months (10 years), the following is a non-exclusive list of examples of sentence the judge may impose:
• 120 months for each conviction to run concurrently = 120 months;
• 40 months for each conviction to run consecutively = 120 months; or
• one 60 month sentence and two 30 month sentences to run consecutively = 120 months.
"In the above example, unless there is a departure, no combination of sentences can exceed 120 months for all cases or counts, for both covered and non-covered offenses.
"A split sentence conforms to the Standards if the total sentence imposed and the length of the 'split' fall within the statutory ranges specified in Ala. Code § 15-18-8 and the recommended sentence ranges provided in the Prison Sentence Length Table. Where the In/Out worksheet recommendation is 'Prison' and a split sentence is imposed, the incarceration portion of the 'split' cannot be suspended and comport with the Standards. The incarceration portion of the split must be served either in community corrections, if otherwise eligible, or in the actual custody of the Alabama Department of Corrections.
"An unsuspended sentence to prison that results in actual incarceration (in [an Alabama Department of Corrections ('ADOC') ] facility or a facility under contract to ADOC is considered a 'prison' sentence and does not conform to a 'non-prison' recommendation under the Standards. A sentence conditioned on completing a program in the Department of Corrections includes an 'unsuspended' sentence to prison and therefore does not comply with a 'non-prison' recommendation. A sentence to community corrections is considered to conform to either a 'prison' or 'non-prison' recommendation.
"A 'reverse split' sentence is considered a 'non-prison' sentence and does not conform to a 'prison' recommendation under the Standards.
"Examples of non-prison and prison dispositions
 "Non-prison Prison (unsuspended sentence ) Probation Department of Corrections (prison) Community Corrections Community Corrections County Jail/Work Release Split to serve incarceration in ADOC or Community Corrections Reverse Split Split sentence with a suspended split" 
Presumptive and Voluntary Sentencing Standards Manual 23.
In Showers's case, the imposed sentences comport with the dispositional recommendation of the standards; the split sentences to be served in the county jail are "non-prison" dispositions. The sentences imposed do not, however, comport with the durational recommendation of the standards.
The instructions and examples quoted above demonstrate that, when a circuit court imposes a sentence at a "sentencing event," the sentence range for the most serious offense controls, and "[t]he total or aggregate sentence for the sentence for the sentencing event cannot exceed the sentence selected for the most serious offense." Presumptive and Voluntary Sentencing Standards Manual 23. Here, the maximum duration of sentence that Showers could receive is 97 months, and the maximum split sentence he could receive is *128 27 months. Thus, his consecutive base sentences of 97 months' imprisonment and his consecutive split sentences of 18 months in the county jail do not comport with the durational guidelines.
Because the sentences imposed on Showers do not comport with the requirements of the Presumptive and Voluntary Sentencing Standards Manual as to the base-sentence duration and the split-sentence duration, the circuit court abused its discretion in sentencing Showers. See Hyde, 185 So.3d at 513. Accordingly, the judgment of the circuit court imposing sentences on Showers is reversed, and this case is remanded to the circuit court for that court to impose sentences that comport with the presumptive sentencing standards. Due return should be made to this Court within 28 days of the release of this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.*
Windom, P.J., and Welch, Kellum, and Burke, JJ., concur.

The presumptive sentencing standards have been amended since the events relevant to this appeal; those amendments became effective October 1, 2016. See Alabama Sentencing Commission, Presumptive and Voluntary Sentencing Standards Manual (2016). Unless otherwise noted, all references to the presumptive sentencing standards or to the Presumptive and Voluntary Sentencing Standards Manual are to the version of those standards and manual that became effective October 1, 2013. See Alabama Sentencing Commission, Presumptive and Voluntary Sentencing Standards Manual (2013).
* Note from the reporter of decisions: On December 8, 2017, on return to remand, the Court of Criminal Appeals affirmed, without opinion.