MAIN, Justice.
Reginald Tyrone Lightfoot petitioned this Court for a writ of certiorari to review the judgment of the Court of Criminal Appeals affirming his conviction for trafficking in cocaine and his sentence of 15 years’ imprisonment. See Lightfoot v. State, 152 So.3d 434 (Ala.Crim.App.2012) (opinion on application for rehearing). This Court granted certiorari review to determine, as a matter of first impression, whether an Apprendi[1] error in applying a sentence enhancement is automatically harmless when the erroneous application of the sentence enhancement does not increase the defendant’s sentence beyond the statutory maximum for the underlying offense. We hold that it is not, and we reverse the judgment of the Court of Criminal Appeals and remand the case.

I. Factual Background and Procedural History

The Court of Criminal Appeals summarized the facts in this case:
“The evidence adduced at trial indicated the following. On January 18, 2009, at approximately 4:00 a.m., Blake Dean, a patrol officer with the Huntsville Police Department, executed a traffic stop of a vehicle that had ‘swerved a few 'times across the line and had no tag light.’ ... The vehicle was being driven by Lightfoot; Brandy Newberry was a passenger in the vehicle. When Officer Dean approached the vehicle, he smelled the odor of marijuana emanating from inside the vehicle. When asked about the odor, Lightfoot said that he had been in a nightclub. Lightfoot also told Officer Dean that he had á pistol in the vehicle and that he had a permit for the pistol. Officer Dean then had Lightfoot and Newberry get out of the vehicle, and he searched the vehicle, finding what was later determined to be 42.4 grams of cocaine and 21.3 grams of marijuana in a purse on the passenger-side floorboard, and finding a pistol in the center console. Officer Dean first questioned Newberry about the narcotics. Based on her responses, he then, after advising Lightfoot of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), questioned Lightfoot about the narcotics. Lightfoot told Officer Dean that when he first saw Officer Dean’s emergency lights, he got the cocaine and marijuana out of the center console of the vehicle *447 and gave them to Newberry, who put them in her purse.
“After both sides rested and the trial court instructed the jury on the applicable principles of law, the jury convicted Lightfoot of trafficking in cocaine ... as charged in the indictment.”
152 So.3d at 436-37.
As to Lightfoot’s allegation that the trial court erred in applying the sentence-enhancement provision in what was then § 13A-12-231(13), Ala.Code 1975 (possession of a firearm during a trafficking offense),[2] to his sentence for the trafficking-in-eocaine conviction, the Court of Criminal Appeals stated:
“The record reflects that, at the beginning of trial, just before the venire was brought into the courtroom, the State requested that the trial court instruct the jury on the firearm enhancement in § 13A-12-231(13) and allow the jury to determine its applicability. The record contains no notice to Lightfoot from the State of its intent to seek application of the enhancement before the State requested the jury instruction at the beginning of trial. Lightfoot objected to the State’s requested instruction on the ground that the enhancement was ‘not a part of the indictment and we were not notified that we would be defending that.’ The trial court did not rule on the State’s request or Lightfoot’s objection, stating instead T haven’t decided what I’m going to do yet.’ The record reflects no further discussion of the requested jury instruction, Light-foot’s objection, or the enhancement. In addition, the trial court did not instruct the jury on the enhancement, and Light-foot lodged no objection to the trial court’s failure to instruct the jury on the enhancement.
“At the sentencing hearing, the trial court sentenced Lightfoot to a total of 15 years’ imprisonment for the trafficking conviction, which included the 5-year enhancement in § 13A-12-231(13) for possession of a firearm during the commission of the crime, and ordered Lightfoot to pay fines totaling $75,000 — $50,000 for his trafficking conviction under § 13A-12-231(2)a., plus an additional $25,000 for possession of a firearm during the commission of the crime under § 13A-12-231(13). Lightfoot objected to the application of the sentence enhancement but not on the grounds he now raises on appeal. However, Light-foot filed a timely motion to reconsider his sentence, in which (1) he argued that application of the firearm enhancement to his sentence for the trafficking conviction violated Apprendi and its progeny because the jury did not find, beyond a reasonable doubt, that he possessed a firearm during the commission of the crime, and (2) he reiterated the argument he had made previously that he had not received notice, a reasonable time before trial, of the State’s intent to seek application of the enhancement. The trial court denied the motion.”
152 So.3d at 441 (footnote and citations to record omitted).
Lightfoot appealed to the Court of Criminal Appeals. The Court of Criminal Appeals unanimously affirmed Lightfoot’s conviction for trafficking in cocaine but remanded the case to the trial court with directions as to sentencing concerning the reassessment of certain fines.[3] On return *448 to remand, the Court of Criminal Appeals unanimously affirmed Lightfoot’s sentence in an unpublished memorandum. Lightfoot v. State (No. CR-11-0494, October 26, 2012). Lightfoot timely sought certiorari review with this Court.

II. Standard of Review

Because this case involves a question of law — whether an Apprendi error in applying a sentence enhancement is automatically harmless when the erroneous application of the sentence enhancement does not increase the defendant’s sentence beyond the statutory maximum for the underlying offense — this Court applies a de novo standard of review. Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003) (providing that the standard of review for pure questions of law in a criminal case is de novo).

III. Analysis

The Court of Criminal Appeals concluded that the trial court’s application of the firearm enhancement to Lightfoot’s sentence violated Apprendi because the enhancement was not proven to the jury beyond a reasonable doubt and because Lightfoot did not receive notice of the State’s intent to seek application of the enhancement until moments before trial began, which notice the Court of Criminal Appeals held was unreasonable.[4] The Court of Criminal Appeals, however, held that because the application of the sentence enhancement did not increase Light-foot’s sentence above the statutory maximum, then any error under Apprendi was harmless. Because this Court has not previously addressed whether an Apprendi error in applying a sentence enhancement can be harmless, we must first examine the development of the law in regard to Apprendi and harmless-error analysis.
A. Apprendi, Harmless Error, and Alleyne v. United States
The United States Supreme Court in Apprendi held that, under the Sixth Amendment, any fact (other than a prior conviction) that exposes a defendant to a sentence in excess of the relevant statutory maximum must be found by a jury, not a judge, and must be established beyond a reasonable doubt, not merely by a preponderance of the evidence. 530 U.S. at 490. The Supreme Court subsequently, in Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), however, drew a distinction between judicial fact-finding that increases the sentence beyond the statutory maximum sentence, which is prohibited under Apprendi, and judicial fact-finding that increases only the minimum mandatory sentence, which the Court held does not violate the Sixth Amendment.[5] In Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006), the United States Supreme Court held that an Apprendi error is subject to a harmless-error analysis and framed a test *449 for determining whether such error is harmless.
Particularly relevant to our analysis in this case, in Washington v. Recuenco the jury found the defendant guilty of assaulting his wife with a deadly weapon, which-the information charged was “a handgun.” At sentencing, the judge found that the defendant was armed with a “firearm” and imposed the three-year mandatory sentence enhancement attendant to that finding, rather than the one-year enhancement attendant to the jury’s “deadly weapon” finding. On appeal, the State of Washington conceded that the three-year enhancement violated Apprendi, but argued that the error was harmless. The Washington Supreme Court, however, had concluded that an Apprendi error could never be harmless. The Supreme Court granted review solely to determine whether a harmless-error analysis applies to an Ap-prendi error.
The Court acknowledged that under Ap-prendi it “ha[d] treated sentencing factors, like elements, as facts that have to be tried to the jury and proved beyond a reasonable doubt.” 548 U.S. at 220 (emphasis added). Accordingly, the Court found the case before it “indistinguishable from” Neder v. United States, 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), explaining:
“The only difference between this case and Neder is that in Neder, the prosecution failed to prove the element of materiality to the jury beyond a reasonable doubt, while here the prosecution failed to prove the sentencing factor of ‘armed with a firearm’ to the jury beyond a reasonable doubt. Assigning this distinction constitutional significance cannot be reconciled with our recognition in Apprendi that elements and sentencing factors must be treated the same for Sixth Amendment purposes.”
Recuenco, 548 U.S. at 220.
Because the question of Apprendi error also involved judicial fact-finding versus jury fact-finding, the Court concluded that the harmless-error analysis applied in Neder also applied to the error in Recuen-co. Id. In Neder, the Court framed the test as follows: “Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?” Neder, 527 U.S. at 18. The Court concluded that the same harmless-error analysis developed in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and applied in cases concerning the erroneous admission of evidence under the Fifth and Sixth Amendments also applied to infringement of the jury’s fact-finding role under the Sixth Amendment. Neder, 527 U.S. at 18. The Court explained:
“[A] court, in typical appellate-court fashion, asks whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element. If the answer to that question is ‘no,’ holding the error harmless does not ‘reflec[t] a denigration of the constitutional rights involved.’ Rose [ v. Clark], 478 U.S. [570,] 577 [ (1986) ].”
527 U.S. at 19. In Recuenco, the Supreme Court reversed the judgment of the Washington Supreme Court, holding that harmless-error analysis does apply to an Ap-prendi sentencing error.
On June 17, 2003, in Alleyne v. United States, — U.S. —, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), the United States Supreme Court overruled Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), and applied Apprendi to increases in mandatory mini *450 mum sentences and held that because a mandatory minimum sentence increases the penalty for a crime, any fact that increases the mandatory minimum sentence is an “element” of the crime that must be submitted to the jury. In sum, Apprendi jury-trial rights now apply to increases in both mandatory maximum sentences and mandatory minimum sentences. The Supreme Court in Alleyne emphasized that a fact increasing either end of the sentencing range (the minimum or the maximum) produces a new penalty, constitutes an element of the offense, and must be found by the jury, regardless of what sentence the defendant might have received had a different range been applicable. — U.S. at -, 133 S.Ct. at 2162. With the above framework, we must now turn to the question whether the Apprendi error in this case was harmless.
B. Whether Apprendi Error Was Harmless in this Case
Lightfoot was convicted of trafficking in cocaine. See § 13A-12-231(2), Ala.Code 1975. Section 13A-12-231(12), Ala.Code 1975, classifies trafficking in cocaine as a Class A felony. The proper range of punishment for a person convicted of a Class A felony is “life or not more than 99 years or less than 10 years.” § 13A-5-6(a)(l), Ala.Code 1975. Lightfoot was sentenced to 15 years, which included 5 years for the firearm enhancement. See § 13A-12-231(13), Ala.Code 1975.[6]
Applying the United States Supreme Court’s decisions to the facts of this case, we conclude that the Apprendi error in this case was not harmless. Instead, the trial court’s error in applying the firearm-enhancement provision to Lightfoot’s sentence without a jury’s finding the enhancement to exist beyond a reasonable doubt was not harmless. Under the Ap-prendi/Alleyne Sixth Amendment line of cases, because the finding that Lightfoot had in his possession a firearm during a drug-trafficking offense produces an increased penalty for Lightfoot, it constitutes an element of the offense, which must be found by the jury beyond a reasonable doubt, regardless of what sentence Lightfoot might have received had a different range been applicable. “ ‘Merely because [Lightfoot] could have been sentenced to [15] years does not mean he would have been if the trial judge had not considered the [firearm enhancement]. Harmless error cannot be based on such possibilities. Saltzburg, The Harm of Harmless Eiror, 59 Va. L.Rev. 988 (Sept. 1973).’ ” Ex parte Thomas, 435 So.2d 1324, 1326 (Ala.1982) (quoting Thomas v. State, 435 So.2d 1319, 1324 (Ala.Crim.App.1981) (Bowen, J. dissenting)). To the extent that Jones v. State, 853 So.2d 1036 (Ala.Crim.App.2002); Poole v. State, 846 So.2d 370 (Ala.Crim.App.2001); and Pearson v. State, 794 So.2d 448 (Ala.Crim.App.2001), are inconsistent with this opinion, they are overruled.

IV. Conclusion

Based on the foregoing, we reverse the judgment of the Court of Criminal Appeals as to Lightfoot’s sentence on the trafficking-in-cocaine offense, and we remand the cause for that court to order a new sentencing hearing consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and STUART, BOLIN, PARKER, and WISE, JJ., concur.
*451 MURDOCK, J., concurs in the result.
SHAW and BRYAN, JJ., dissent in part and concur in the result.

. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

. Effective May 10, 2012, a subsection was added to § 13A-12-231, and § 13A-12-231(13) was renumbered as § 13A-12-231(14), Ala.Code 1975. See Act No. 2012-267, Ala. Acts 2012.

. Lightfoot was also convicted of the unlawful possession of marijuana in the second degree. *448 The trial court sentenced Lightfoot to one year’s imprisonment for the possession conviction and ordered him to pay a $500 fine. Lightfoot’s appeal to the Court of Criminal Appeals also challenged that conviction and sentence. The Court of Criminal Appeals affirmed his conviction and sentence for the unlawful possession of marijuana. The possession conviction is not before us on certio-rari review.

. We note that Apprendi and its progeny do not discuss a reasonable-notice requirement. Because we granted certiorari review only as to the issue whether a harmless-error analysis can be applied to the Apprendi error in this case, we pretermit discussion of the issue regarding the reasonableness of the notice.

. Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), was overruled when the Supreme Court released its opinion in Alleyne v. United States, - U.S. -, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), on June 17, 2013.

. Now § 13A — 12—231(14), Ala.Code 1975. See supra note 2.